IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SIAVOSH HENAREH,** | : | CIVIL ACTION NO. 1:22-CV-539 |
| Petitioner | : | |
| v. | : | (Judge Conner) |
| **WARDEN, FCI-ALLENWOOD MEDIUM,** | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Siavosh Henareh ("Henareh") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conviction and sentence entered in the United States District Court for the Southern District of New York. (Doc. 1). For the reasons set forth below, the court will dismiss the petition for lack of jurisdiction.

**I.    Factual Background & Procedural History**

On November 27, 2012, a jury convicted Henareh of conspiracy to distribute more than one kilogram of heroin, knowing or intending that such heroin would be imported into the United States, in violation of 21 U.S.C. § 963. United States v. Henareh, No. 1:11-CR-93 (S.D.N.Y.). On March 25, 2013, he was sentenced to 210-month term of imprisonment. Id., Doc. 88. Subsequently, the United States Court of Appeals for the Second Circuit affirmed Henareh's judgment of conviction. Id., Doc. 98; United States v. Henareh, 563 F. App'x 808 (2d Cir. 2014).

On August 22, 2014, Henareh filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Henareh, No. 1:11-CR-93, Doc. 100; Henareh

v. United States, No. 1:14-CV-7145, Doc. 1 (S.D.N.Y.).  On July 18, 2018, the sentencing court denied the § 2255 motion and found that a certificate of appealability should not issue.  Henareh, No. 1:14-CV-7145, Docs. 38-40.  Henareh filed an appeal to the Second Circuit Court of Appeals.  Id., Docs. 41, 42.  On appeal, the Second Circuit dismissed the appeal and found that Henareh failed to make a substantial showing of the denial of a constitutional right.  Id., Doc. 43; Henareh v. United States, 2019 WL 3774505 (2d Cir. 2019).

On August 25, 2020, Henareh filed a motion for compassionate release in the United States District Court for the Central District of California-Western Division, which denied the motion without prejudice based, in part, on Henareh's failure to provide any supporting facts.  Siavosh v. United States, No. 2:20-CV-7805, Docs. 1, 3 (C.D. Cal.); Siavosh v. United States, 2020 WL 8614227 (C.D. Cal. 2020).

In November of 2020, Henareh filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), in the Southern District of New York.  Henareh, No. 1:11-CR-93, Doc. 142.  On January 13, 2021, the sentencing court granted the motion for a reduction in sentence, in part, and reduced Henareh's term of imprisonment from 210 months to 198 months.  Id., Doc. 153; United States v. Henareh, 2021 WL 119016 (S.D.N.Y. 2021).  In accordance with the 18 U.S.C. § 3553(a) factors, the sentencing court found that extraordinary and compelling reasons warranted a twelve-month reduction in Henareh's sentence, but that "releasing Henareh today would be totally inconsistent with the severity of his crimes."  Henareh, 2021 WL 119016, at *5.  The court subsequently denied

Henareh's motion for reconsideration, wherein he reiterated his request for immediate release. Henareh, No. 1:11-CR-93, Docs. 155, 156.

On April 19, 2021, Henareh filed a habeas petition in the United States District Court for the Central District of California-Western Division, alleging actual innocence. Siavosh v. Birkholz, No. 2:21-CV-3354 (C.D. Cal.). Upon review, a Magistrate Judge recommended that the petition be dismissed as an unauthorized second or successive § 2255 motion. Id., Doc. 12. On August 31, 2021, the court adopted the report and recommendation, dismissed the habeas petition, and declined to issue a certificate of appealability. Id., Docs. 19, 20.

In December of 2021, Henareh filed a motion for sentence reduction under the First Step Act, in the Southern District of New York. Henareh, No. 1:11-CR-93, Doc. 157. On January 4, 2022, the sentencing court denied the motion for a sentence reduction. Id., Doc. 158. Thereafter, Henareh requested to amend his December 2021 motion for a sentence reduction, asserting that COVID-19 conditions at FCI-Allenwood warranted his release. Id., Doc. 159. On March 14, 2022, the sentencing court denied the request. Id., Doc. 160.

On April 12, 2022, Henareh filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, setting forth the following claims: (1) federal officials do not have the authority to detain him; (2) federal officials did not have jurisdiction to enter his home and take him into custody for a federal criminal offense in his residential state; (3) there were due process violations regarding the indictment; (4) federal officials have no right to detain him because his conviction was unlawful; (5)

respondents were incentivized to detain him as long as possible; and (6) federal officials never overcame his presumption of innocence. (Doc. 1 at 9). For relief, Henareh seeks immediate release from custody. (Id. at 10). In response, respondent argues that the petition must be dismissed for lack of jurisdiction. (Doc. 11). The petition is ripe for resolution.

## II.     Discussion

Federal prisoners seeking post-conviction relief from their judgment of conviction, or the sentence imposed, are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e). The Third Circuit Court of Appeals has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a § 2255 motion is "inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); 28 U.S.C. § 2255(e)). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to pursue a § 2241 petition, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (*per curiam*). Significantly, § 2255 "is

not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Id. at 539. "It is the inefficacy of the [§ 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

In Dorsainvil, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Henareh's present claims fall within the purview of § 2255 because they challenge the validity of his sentence. He has unsuccessfully sought relief in the sentencing court pursuant to 28 U.S.C. § 2255. Thus, he can only bring a challenge under § 2241 if it appears that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. Henareh has failed to meet this burden. His claims are not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid. Henareh cannot seek further relief in this court simply because his § 2255 motion was unsuccessful. Moreover, the denial of a second or successive petition does not make § 2255 relief inadequate or ineffective. See Cradle, 290 F.3d at 539 (stating that a petitioner "cannot contend that § 2255 is inadequate or ineffective to protect him, even if he cannot prevail under it"); Long v. Fairton, 611 F. App'x 53, 55 (3d Cir.

2015) ("Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements."); Levan v. Sneizek, 325 F. App'x 55, 56-57 (3d Cir. 2009) (denial of motion for leave to file a second or successive § 2255 motion does not render the motion inadequate or ineffective).[1] The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.  Because Henareh failed to meet his burden of demonstrating that § 2255 is inadequate or ineffective to the challenge the legality of his detention, the § 2241 petition is subject to dismissal.

## III.  Conclusion

We will dismiss the petition for writ of habeas corpus for lack of jurisdiction. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:       September 20, 2022

---

[1] The court acknowledges that nonprecedential decisions are not binding upon federal district courts.  Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.